ULPIANO CASAL, Plaintiff and Appellee, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 7716. Argued April 25, 1938.—Decided July 6, 1938.

B. *Fernández García, Attorney General,* and *Enrique Córdova Díaz, Deputy Attorney General,* for appellant. *Dubón & Ochoteco* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The appellee has moved to dismiss the present appeal as being frivolous, and the appellant objected thereto both orally and in writing.

From the record it appears that between April 6, 1933, and August 30, 1935, the plaintiff sold to the Insular Government, the Municipality of San Juan, the Puerto Rico Emergency Relief· Administration, and the Federal Government goods for the sums of $28,432.40, $22,002.50, $1,149.68, and $449.93, respectively. As he failed to pay the excise tax of two per cent on sales provided by section 62 of the Internal Revenue Act, the Treasurer made demand upon him for such payment and he then paid under protest and brought an action in the district court to recover the tax so paid.

The Treasurer appeared in the suit and demurred to the complaint. His demurrer was overruled and in support of that ruling citation was made of the decision of this court in *West India Oil Co.* v. *Domenech, Treasurer,* 49 P.R.R. 783. He then answered. The case went to trial and the court decided it by a judgment of January 15th last sustaining the complaint.

Feeling aggrieved by that decision, the Treasurer appealed, and thereupon the taxpayer filed the motion to dismiss now under consideration.

The essential question involved in this appeal was indeed decided against the Treasurer in *West India Oil Co.* v. *Domenech, Treas.,* 49 P.R.R. 783, as follows:

". . . The legal provision we are discussing lays an excise tax of 1 per cent on the *ad valorem* amount of the contract, that is, on the price or value of the materials sold or supplied to the Government. We are dealing, indisputably, with an excise tax on the sale of materials, among which asphalt is included, which is an article that is the object of commerce.

"The premise that the tax of one per cent paid by the plaintiff corporation is an excise tax on the sale of materials to the Government in accordance with section 16, *supra*, having been established, the conclusion is unavoidable that the Treasurer of Puerto Rico is not legally authorized to impose on that very sale, the tax of 2 per cent prescribed in section 62, *supra*, for said section specifically provides that the tax shall be levied and collected, once only, on the sale of any articles which are the object of commerce, not taxed under section 16 of this act."

The above refers to sales to the Insular and municipal governments. As to those made to the Puerto Rico Emergency Relief Administration, a federal agency operating in Puerto Rico, and, to the Federal Government itself, the question of lack of power to levy the tax is so obvious, according to the decisions in *Panhandle Oil Co.* v. *Mississippi ex rel. Knox,* 277 U.S. 218; *Graysburg Oil Co.* v. *Texas Company,* 278 U.S. 582; and *Graves* v. *Texas,* 298 U.S. 393, that the Treasurer himself in his opposition expressly states that he agrees in that particular with the judgment appealed from.

■ The Treasurer, however, insists that his appeal is not frivolous, because he proposes thereby to raise the following question which he claims to be new in this jurisdiction, to wit:

"That conceding the premise that both taxes, that of 1 per cent and that of 2 per cent in these cases, can not be validly imposed, there should be levied the 2 per cent tax provided by section 62 of the Internal Revenue Act and not the 1 per cent tax prescribed in subdivision 5 of section 16, since section 62 was approved subsequently to subdivision 5 of section 16, and since both legal provisions deal with the same tax, as has been decided by this court, it must logically be understood that it was the intention of the Legislature to substitute and impose this tax of 2 per cent on sales in all sale-tax cases, including sales to the Insular Government or to municipalities; because, moreover, a contrary interpretation would result in discriminating in favor of those who sell materials to the Insular Government or to municipalities and against those who sell materials to private individuals, and the Legislature can not be presumed to have had such an intention."

In the first place, this question was not raised in the lower court where it could and should have been urged by the defendant; and, in the second place, as maintained by the plaintiff in his reply to the opposition to his motion, "the 1 per cent excise tax on the value of contracts with the Insular Government or the municipalities was imposed by virtue of subdivision 42 of section 16 of the Internal Revenue Act when originally approved on August 20, 1925, (Session Laws, p. 604), and it was by virtue of section 62 of this same act that the 2 per cent tax was imposed on sales in general (Session Laws 1925, p. 626). The amendment made by Act No. 17, approved June 3, 1927 (Session Laws, p. 458), as regards the 1 per cent excise tax on the amount of contracts with the Insular Government or the municipalities, substantially consisted in changing its designation as subdivision 42 of section 16 to subdivision 5 of the section "Other Excises" which was incorporated in and made a part of the same section 16, subdivision 42 of section 16 of the original act being substantially reproduced with that new designation in the amendatory act. (Session Laws, 1927, p. 472). But by virtue of that same Act No. 17 of June 3, 1927, there was also amended section 62 of the original act which imposed the 2 per cent excise tax on sales (Session Laws, 1927, p. 472), and the same has never since been amended again."

Moreover, implied repeals are not favored and, as also maintained by the plaintiff in the said reply, "the provisions of subdivision 5 of the subsection 'Other Excises' of section 16 can be harmonized with those of section 62, it being possible therefore for both to coexist, as they are not conflicting, especially since if the interpretation sought by the defendant and appellant were to prevail, an injury would be caused to the taxpayer, who should be favored in every instance with such an interpretation as would be most beneficial to him in matters of taxation."

Lastly, it is urged by the appellant that his appeal is not frivolous, because an award of costs is involved, he having

been adjudged to pay $150 as attorney's fees when as a matter of fact he has not been obstinate.

The trial court, after fully setting forth in its statement of the case and opinion the grounds on which it relied, said:

"In the light of such clear principles, upheld by the Supreme Court of the United States and the Supreme Court of Puerto Rico, we think that the defendant has been obstinate in the present case and, in conformity with Act No. 99 of 1931, as amended on May 4, 1933, the court is of the opinion that the defendant must be adjudged to pay attorney's fees in the sum of $150."

Under the above-stated circumstances, we do not think that the trial court erred in making such a pronouncement.

That being the case, there should not be allowed to stand an appeal which, when viewed from any aspect, can not prosper for lack of substantial basis. It is frivolous and should therefore be dismissed.